UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:25-cv-62470

BRAD ZUCKERMAN,

    Plaintiff,

v.

HOMEAWAY.COM, INC., a Texas corporation doing business as "VRBO.com," 816 JASMINE LLC, a Florida limited liability company, BLUE PARROT HOTEL LLC, a Florida limited liability company, and JOSHANE F AND B LLC, a Florida limited liability company, doing business in Florida as "LOWKL",

    Defendants.
_____/

**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE FLORIDA CIVIL RIGHTS ACT**

**I.  JURISDICTION AND VENUE**

1. This action arises under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.08.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4). Supplemental jurisdiction over the FCRA claim arises under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b), because Defendants conduct substantial business in this District and the discriminatory conduct occurred here.

## II. **PARTIES**

4. Plaintiff Brad Zuckerman is a qualified individual with a disability under 42 U.S.C. § 12102 and uses a trained service dog to detect imminent neurological impairment.

5. Defendant VRBO, Inc. is a foreign corporation authorized to do business in Florida and operates an online nationwide lodging platform offering transient accommodations to the public.

6. VRBO is an operator of a public accommodation under 42 U.S.C. § 12181(7) and Fla. Stat. § 760.02(11).

7. Defendant 816 Jasmine LLC is a Florida limited liability company that owns, operates, manages, or controls the lodging property located at 822 NE 18th Avenue, Fort Lauderdale, Florida 33304, offered to the public through the VRBO platform.

8. 816 Jasmine LLC is an operator of a public accommodation under 42 U.S.C. § 12181(7) and Fla. Stat. § 760.02(11).

9. Defendant JOSHANE F AND B LLC is a New York limited liability company doing business in Florida under the fictitious name "LOWKL"

10. Through its LOWKL brand, JOSHANE F AND B LLC owns, operates, manages, or controls the lodging property located at 822 NE 18th Avenue, Fort Lauderdale, Florida 33304, offered to the public through the VRBO platform.

11. JOSHANE F AND B LLC d/b/a LOWKL is an operator of a public accommodation under 42 U.S.C. § 12181(7) and Fla. Stat. § 760.02(11).

12. Defendant Blue Parrot Hotel LLC is a Florida limited liability company that owns, operates, manages, or controls the lodging property located at 2617 NE 13th Court, Fort Lauderdale, Florida 33304, and offered to the public through VRBO.

13. Blue Parrot Hotel LLC is an operator of a public accommodation under 42 U.S.C. § 12181(7) and Fla. Stat. § 760.02(11).

### III. **FACTUAL ALLEGATIONS**

14. Plaintiff uses a trained service dog that performs tasks directly related to Plaintiff's disability.

15. In September and October 2025, Plaintiff attempted to book lodging through VRBO for stays in Broward County.

16. Plaintiff notified Defendants that he would be accompanied by a service dog, consistent with 28 C.F.R. § 36.302(c).

17. Each Host Defendant, 816 Jasmine LLC, Blue Parrot Hotel LLC, and JOSHANE F AND B LLC d/b/a LOWKL, responded by demanding unlawful "registrations," "papers," or "ID cards," asserting charges specific to service animals, or otherwise imposing discriminatory conditions not permitted by federal law.

18. Defendant VRBO failed to implement, maintain, or enforce service-animal policies ensuring that hosts comply with the ADA and Florida law, allowing these

unlawful requirements to be imposed through its platform.

19. As a result, Plaintiff was denied the full and equal enjoyment of the lodging services, suffered humiliation, frustration, and emotional distress, and was deterred from accessing Defendants' accommodations.

20. Plaintiff intends to use VRBO's platform in the future and genuinely desires to stay at properties operated by Defendants once they comply with the ADA.

### IV. COUNT I – VIOLATION OF ADA TITLE III (VRBO, INC.)

21. Plaintiff realleges paragraphs 1–20.

22. VRBO, Inc. operates an online lodging platform that qualifies as a public accommodation operator under 42 U.S.C. § 12181(7).

23. VRBO failed to adopt, implement, or enforce service-animal compliance policies, allowed discriminatory host conduct on its platform, and failed to modify policies and practices necessary to avoid discrimination.

24. These actions and omissions violate 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii) and 28 C.F.R. § 36.302(c).

25. VRBO's discriminatory practices deter Plaintiff from using the platform and will continue absent injunctive relief.

## V. COUNT II – ADA TITLE III (816 JASMINE LLC)

26. Plaintiff realleges paragraphs 1–20.

27. 816 Jasmine LLC owns, operates, and controls a transient lodging property offered to the public through VRBO, making it a public accommodation operator under 42 U.S.C. § 12181(7).

28. 816 Jasmine LLC refused to confirm lodging and imposed conditions and inquiries prohibited by 28 C.F.R. § 36.302(c), including demands for documentation and restrictions inconsistent with ADA standards.

29. Its conduct constitutes discrimination under 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii).

30. The discriminatory practices are ongoing and deter Plaintiff from seeking future lodging.

## VI. COUNT III – ADA TITLE III (BLUE PARROT HOTEL LLC)

31. Plaintiff realleges paragraphs 1–20.

32. Blue Parrot Hotel LLC owns, operates, and controls the Blue Parrot lodging unit offered to the public on VRBO and is an operator of a public accommodation under 42 U.S.C. § 12181(7).

33. Blue Parrot Hotel LLC engaged in discriminatory conduct by imposing unlawful conditions on Plaintiff's service animal and refusing equal lodging access.

34. Such conduct violates 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii) and 28 C.F.R. § 36.302(c).

35. Its policies and practices deter Plaintiff from attempting future stays.

## VII. COUNT IV – ADA TITLE III (JOSHANE F AND B LLC d/b/a LOWKL)

36. Plaintiff realleges paragraphs 1–20.

37. JOSHANE F AND B LLC d/b/a LOWKL operates transient lodging in Broward County and controls booking procedures, guest communications, and service-

animal policies, making it an operator of a public accommodation under 42 U.S.C. § 12181(7).

38. LOWKL required Plaintiff to produce documentation, registration, or "ID cards" for his service animal and threatened discriminatory charges, all in violation of 28 C.F.R. § 36.302(c).

39. These acts constitute discrimination under 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii).

40. The practices are ongoing and deter Plaintiff from using LOWKL-operated lodging in the future.

## VIII. **COUNT V – FCRA PUBLIC ACCOMMODATION DISCRIMINATION (816 JASMINE LLC)**

41. Plaintiff realleges paragraphs 1–20.

42. 816 Jasmine LLC operates a place of public accommodation under Fla. Stat. § 760.02(11).

43. By refusing lodging and imposing discriminatory service-animal requirements, 816 Jasmine LLC violated Fla. Stat. § 760.08.

44. Plaintiff suffered humiliation, emotional distress, and loss of dignity.

## IX. COUNT VI – FCRA PUBLIC ACCOMMODATION DISCRIMINATION (BLUE PARROT HOTEL LLC)

45. Plaintiff realleges paragraphs 1–20.

46. Blue Parrot Hotel LLC operates a place of public accommodation under Fla. Stat. § 760.02(11).

47. By imposing unlawful restrictions on Plaintiff's service animal and denying equal lodging access, Blue Parrot Hotel LLC violated Fla. Stat. § 760.08.

48. Plaintiff suffered humiliation, emotional distress, and loss of dignity.

## X. COUNT VII – FCRA PUBLIC ACCOMMODATION DISCRIMINATION (JOSHANE F AND B LLC d/b/a LOWKL)

49. Plaintiff realleges paragraphs 1–20.

50. JOSHANE F AND B LLC d/b/a LOWKL operates a place of public accommodation under Fla. Stat. § 760.02(11).

51. By demanding prohibited documentation, threatening charges, and refusing equal lodging, LOWKL violated Fla. Stat. § 760.08.

52. Plaintiff suffered humiliation, emotional distress, and loss of dignity.

## XI. DEMAND FOR JURY TRIAL

53. Plaintiff demands trial by jury on all issues triable under the FCRA.

WHEREFORE, Plaintiff seeks Plaintiff seeks injunctive relief, declaratory judgment, compensatory damages, attorney's fees, and all other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

**/s/ Evan A. Zuckerman, Esq.**
Evan A. Zuckerman, Esq.
EAZ Legal PLLC
23299 Water Circle
Boca Raton, FL 33486
Tel: (954) 834-3826
Email: evan@atlanticmediations.com